IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

ANTHONY J. ROMERO  ,

NOV 25 2024

(Enter the full name of the plaintiff.)

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

v.

Case No. CIV-24-1233-D
(Court Clerk will insert case number)

(1) UNITED STATES OF AMERICA,

(2) EL RENO FEDERAL CORRECTIONAL

(X) INSTITUTE  .

(Enter the full name of each defendant. Attach
additional sheets as necessary.)

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

### Initial Instructions

1.      You must type or legibly handwrite the Complaint, and you must answer all questions concisely and in the proper space. Where more space is needed to answer any question, you may attach a separate sheet.

2.      You must provide a full name for each defendant and describe where that defendant resides or can be located.

3.      You must send the original complaint and one copy to the Clerk of the District Court.

4.      You must pay an initial fee of $402 (including a $350 filing fee and a $52 administrative fee). The complaint will not be considered filed until the Clerk receives the $402 fee or you are granted permission to proceed *in forma pauperis*.

5.      If you cannot prepay the $402 fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth in the Court's form application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915; Local Civil Rule 3.3.

Rev. 10/20/2015

- If the court grants your request, the $52 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case**.

7.     The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8.     If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## COMPLAINT

**I.     Jurisdiction is asserted pursuant to:**

____ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

____ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below: ____ FEDERAL TORT CLAIM ACT 28 U.S.C. 1346 (B) AND 28 U.S.C. 2671-2680

Rev. 10/20/2015

**II.    State whether you are a:**

___ Convicted and sentenced state prisoner

_X_ Convicted and sentenced federal prisoner

___ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

___ Other (please explain) _____

**III.    Previous Federal Civil Actions or Appeals**

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

   a. Parties to previous lawsuit:

      Plaintiff(s): _ANTHONY J. ROMERO_

      Defendant(s): _UNITED STATES OF AMERICA_

   b. Court and docket number: _CIV 5:24-CV-01011-R_

   c. Approximate date of filing: _10-1-24_

   d. Issues raised: _NEGLIGENCE CLAIM UNDER THE FEDERAL TORT CLAIM ACT._

   e. Disposition (for example:  Did you win? Was the case dismissed? Was summary judgment entered against you?  Is the case still pending?  Did you appeal?): _CASE WAS DISMISSED WITHOUT PREJUDICE_

   f. Approximate date of disposition: _10-30-24_

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

Rev. 10/20/2015

**IV.    Parties to Current Lawsuit**

State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

1.    Plaintiff

Name and any aliases: ANTHONY J. ROMERO

Address: P.O. BOX 7007 MARIANNA, FL. 32447

Inmate No.: 96996-509

2.    Defendant No. 1

Name and official position: UNITED STATES OF AMERICA

Place of employment and/or residence: DEPARTMENT OF JUSTICE

How is this person sued? (X) official capacity, ( ) individual capacity, ( ) both

3.    Defendant No. 2

Name and official position: EL RENO FEDERAL CORRECTIONAL INSTITUTE

Place of employment and/or residence: EL RENO FEDERAL CORRECTIONAL INSTITUTE

How is this person sued? (X) official capacity, ( ) individual capacity, ( ) both

If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

Rev. 10/20/2015

## V. CAUSE OF ACTION

### AFFIDAVIT

I, Anthony J. Romero, herein "Affiant," residing at Federal Correctional Institution, Post Office Box 7007, Marianna, Florida, 32447, being duly sworn, depose, say and declare, by my signature that Affiant is competent to state the matters included in this affidavit, has knowledge of the facts, and declares that to the best of his knowledge, the statements made in his affidavit are true and correct, and not meant to mislead, and herein states:

My name is Anthony J. Romero, Register #96996-509. I am making a claim of negligence against El Reno Federal Correctional Institution. I am an ex-gang member, I dropped out in 2018. This information was documented in my PSI report. I told S.I.S. Tech Beynon this information upon my arrival at El Reno and he said I'd be fine and housed me on the compound.

It was clear I was not going to be safe, so I was placed in the S.H.U. I was housed with Vasquez, Gabriel, Register #25221-111. This was around August 27, 2023.

Over the next few weeks, Vasquez told me about his romantic relationship with S.I.S. Tech Malia Curnutt. Vasquez was in the S.H.U. because he was dropping out of the Norteno gang (the same gang I was once affiliated with).

On September 26, 2023, S.I.S. Curnutt pulled Vasquez from the cell (702-140) to talk. When Vasquez returned he said that S.I.S. Curnutt didn't want him to leave and she had a plan to get him back into the good graces of the Norteno gang. Vasquez was later taken to the S.H.U. rec yard for a private meeting with a ranking Norteno.

When Vasquez returned he told me that everything had been "worked out." When lunch trays were being collected, S.I.S. Curnutt looked in my cell window and gave Vasquez the "thumbs up," which then Vasquez returned the thumbs up. A few moments later Vasquez started punching me when I wasn't expecting it. There are no distress buttons in the cells. So I defended myself to the best of my ability until I was sprayed with O.C. The incident report number is 3831892.

During the attack I was knocked down, hitting the desk, hurting my neck and back. I still have neck and back pain to this day. Cameras covering the S.H.U. and S.H.U. rec yard between the hours of 7:00 a.m. - 1:00 p.m. will show: 1) Vasquez pulled to talk to S.I.S. Curnutt in property room; 2) private meeting on rec yard between Vasquez and Norteno gang member; 3) S.I.S. Curnutt give my cell the thumbs up moments before the attack. Also, S.I.S. Tech Malia Curnutt was fired for her romantic relationship with Vasquez.

The incident report (201-fighting) I was given was dismissed because the DHO admitted it was the facility's fault. With a staff member in a position of power assisting in an attack on me and there being no distress call buttons in the cell, this would be clear negligence and a deliberate attack set up by staff that resulted in injury.

Page 1

# V. CAUSE OF ACTION

In response to letter received 11.15.24 from Jason A. Sickler, Regional Counsel, denying my tort claim No. TRT-SCR-2024-04053. Mr. Sickler states that during my medical assessment, no injuries were found, and that I stated, "I'm fine, nothing is wrong with me." During and after the incident took place, I was confused and feared further retaliation.  S.I.S. Malia Curnutt was right outside the medical examination room while I was being examined, which was my reasoning for stating, "I'm fine, nothing is wrong with me."  I attempted to send multiple cop-outs to Medical about the neck and back pain, but never recieved a response.  I have a great distrust for B.O.P. employees at this point, and would only like to see or speak with doctors or medical professionals not employed by the B.O.P.

PAGE 2

6.  *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

- If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.

<u>Claims</u>

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1.  **Claim 1:**

    (1)   List the right that you believe was violated:

    NEGLIGENCE. B.O.P SPECIAL INVESTIGATIONS SERVICES (S.I.S) EMPLOYEE, MALIA CURNUTT, ASSISTED IN SETTING UP AN ATTACK ON ME BY A MEMBER OF MY FORMER GANG.

    (2)   List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

    UNITED STATES OF AMERICA.
    EL RENO FEDERAL CORRECTIONAL INSTITUTE.

Rev. 10/20/2015

## V.    Cause of Action

### Instructions

1.    *Provide a short and plain statement of each claim.*

- Describe the facts that are the basis for your claim.

- You can generally only sue defendants who were directly involved in harming you.  Describe how each defendant violated your rights, giving dates and places.

- Explain how you were hurt and the extent of your injuries.

2.    *You are not required to cite case law.*

- Describe the constitutional or statutory rights you believe the defendant(s) violated.

- At this stage in the proceedings, you do not need to cite or discuss any case law.

3.    *You are not required to attach exhibits.*

- If you do attach exhibits, you should refer to the exhibits in the statement of your claim and explain why you included them.

4.    *Be aware of the requirement that you exhaust prison grievance procedures **before** filing your lawsuit.*

- If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you.  *See* 42 U.S.C. § 1997e(a).

- Every claim you raise must be exhausted in the appropriate manner.

5.    *Be aware of any statute of limitations.*

- If you are suing about events that happened in the past, your case may be subject to dismissal under the statute of limitations.  For example, for many civil rights claims, an action must be brought within two years from the date when the plaintiff knew or had reason to know of the injury that is the basis for the claim.

Rev. 10/20/2015

(3)    List the supporting facts:

① INCIDENT #3831892 WAS DISMISSED DUE TO FAULT BEING EL RENO (FCI) STAFF. ② S.I.S. MALIA CURNUTT FIRED FOR BEING IN ROMANTIC RELATIONSHIP WITH INMATE VASQUEZ, (THE ATTACKER).

(4)    Relief requested:  (State briefly exactly what you want the court to do for you.)

I AM REQUESTING A SETTLEMENT PAYMENT IN THE AMOUNT OF $ 1,000,000.⁰⁰

## 2.    Claim II:

(1)    List the right that you believe was violated:

NEGLIGENCE. THERE IS NO DISTRESS CALL BUTTONS IN EL RENO (FCI) SPECIAL HOUSING UNITS CELLS. I HAD NO WAY OF CALLING FOR HELP WHEN ATTACKED IN CELL.

(2)    List the defendant(s) to this claim:  (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

UNITED STATES OF AMERICA.
EL RENO FEDERAL CORRECTIONAL INSTITUTE.

Rev. 10/20/2015

(3)    List the supporting facts:

① THERE IS NO DISTESS CALL BUTTONS IN CELLS OF SPECIAL HOUSING UNIT AT EL RENO (FCI). ② INCIDENT #38031892, ATTACK THAT TOOK PLACE IN SPECIAL HOUSING UNIT AT EL RENO (FCI).

(4)    Relief requested:  (State briefly exactly what you want the court to do for you.)

I AM REQUESTING A SETTLEMENT PAYMENT IN THE AMOUNT OF $1,000,000.00.

If there are more than two claims that you wish to assert, describe the additional claims using this same format on a separate sheet(s).

## VI.    Declarations

I declare under penalty of perjury that the foregoing is true and correct.

_____               _____
Plaintiff's signature                                    Date

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the _____ day of _____, 20___.

_____               _____
Plaintiff's signature                                    Date

Rev. 10/20/2015