UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY J. ROMERO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Case No. CIV-24-1233-R |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell [Doc. No. 45]. Plaintiff Anthony J. Romero filed a complaint against Defendant asserting a claim for negligence and seeking monetary damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 [Doc. No. 1]. Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted [Doc. No. 32]. FED. R. CIV. P. 12(b)(1), (6). Judge Mitchell recommends dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction over his negligence claim. Plaintiff filed an Objection to Judge Mitchell's recommendation [Doc. No. 46]. The Court must now make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1).

## LEGAL STANDARD

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court

1

reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Plaintiff proceeds *pro se*, the Court will construe his filings liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).[1]

## DISCUSSION

Plaintiff alleges his cellmate at El Reno Federal Correctional Institute attacked him as part of a plot by Malia Curnutt, a Bureau of Prisons employee, to get the cellmate back into the good graces of a gang [Doc. No. 1 at p. 5]. Pursuant to the Federal Tort Claims Act, Plaintiff is asserting a negligence claim against the United States based on Curnutt's alleged assistance with facilitating the attack.

---

[1] The format in which Plaintiff filed his Objection appears to have resulted in portions of the text being excluded. The Court took this into account when ensuring Plaintiff received the full benefit of the rule requiring liberal construction of his pleadings.

> The FTCA gives federal courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).
>
> However . . . the Act also provides that this broad grant of jurisdiction "shall not apply to . . . [a]ny claim arising out of assault, battery" or other specified intentional torts. 28 U.S.C. § 2680(h).

*Sheridan v. United States*, 487 U.S. 392, 398 (1988) (paragraph break added).

"Nonetheless, . . . in at least some situations the fact that an injury was directly caused by an assault or battery will not preclude liability against the Government for negligently allowing the assault to occur." *Id.* "[T]he negligence of other Government employees who allowed a foreseeable assault and battery to occur may furnish a basis for Government liability that is entirely independent of . . . [the] employment status" of the person who committed the assault. *Id.* at 401. *See United States v. Muniz*, 374 U.S. 150 (1963) (prisoner assaulted by other inmates could recover damages from the United States because prison officials negligently failed to prevent the assault).

Judge Mitchell found that because Plaintiff alleges Defendant was negligent in failing to prevent the assault, the intentional tort exception to the FTCA did not bar his claim. Plaintiff appears to take issue with this in his Objection, arguing that Judge Mitchell mischaracterized his claim as an intentional tort. Judge Mitchell, however, clearly stated that the intentional tort exception does *not* apply to bar Plaintiff's claim and acknowledged Plaintiff's allegations of negligence. No mischaracterization occurred.

Plaintiff also argues Judge Mitchell improperly resolved factual issues at the Motion to Dismiss stage by deciding whether Defendant's acts constituted negligence or an intentional tort. He states the Report improperly recommends dismissal of his claims despite acknowledging that allegations of inmate-on-inmate assault do not automatically result in the intentional tort exception barring FTCA claims. But Judge Mitchell did not recommend dismissal because she found the intentional tort exception applied. Instead, she found it *did not* apply, and recommended dismissal for Plaintiff's failure to sufficiently allege an FTCA claim. Judge Mitchell was not improperly resolving factual issues; instead, she accepted all of Plaintiff's allegations as true when determining whether Plaintiff had pled jurisdiction and stated a claim for relief, as is proper at the Motion to Dismiss stage. *See* Doc. No. 45 at pp. 3-4; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then *determine whether they plausibly give rise to an entitlement to relief*.") (emphasis added).

After finding the intentional tort exception did not bar Plaintiff's FTCA claim, Judge Mitchell analyzed whether Plaintiff had plausibly alleged an FTCA claim. An FTCA claim is actionable if it is:

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting § 1346(b)). "[I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Id.* at 217 (citing

4

*FDIC v. Meyer*, 510 U.S. 471, 477 (1994)). "[A] plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Id.* at 217-18.

With respect to the sixth element, "the FTCA plaintiff . . . bears the burden of proof to establish that the court possesses subject-matter jurisdiction based upon analogous Oklahoma private liability." *Pappas v. United States*, 617 Fed. App'x 879, 882 (10th Cir. 2015) (unpublished) (citing *Miller v. United States*, 710 F.2d 656, 662 (10th Cir. 1983)). Judge Mitchell found Plaintiff failed to establish the sixth element of his FTCA claim by failing to show "conduct by a private person akin to that alleged in his complaint would constitute a violation of the duty of care under Oklahoma law." *Id.*

Plaintiff objects, arguing that Judge Mitchell improperly demands a near-identical "private-party analogue." The FTCA "makes the United States liable 'in the same manner and to the same extent as a private individual under *like circumstances*.'" *United States v. Olson*, 546 U.S. 43, 46 (2005) (quoting 28 U.S.C. § 2674)) (emphasis added). Plaintiff is correct that "the words 'like circumstances' do not restrict a court's inquiry to the *same circumstances*, but require it to look further afield." *Id.* (citing *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955)) (internal quotation marks omitted). But Judge Mitchell did not improperly demand a near-identical analogue. Instead, she found Plaintiff failed to carry his burden of identifying an appropriate private party analogue.

Oklahoma law recognizes the "general rule that the sheriff or jailer must exercise 'reasonable care and diligence' to protect those in his custody from known or reasonably perceivable dangers." *Seiler v. City of Bethany*, 746 P.2d 699, 700 (Okla. Civ. App. 1987)

5

(citing Restatement (2d) of Torts, § 314A(4)). Plaintiff relies on *Seiler* in his Objection, claiming that Oklahoma law recognizes negligence claims against private jailers, private detention contractors, and those who fail to protect individuals in their custody from foreseeable third-party harm. But *Seiler* was an action against a city and its police officers, not a private party, and Plaintiff presents no other argument or authority supporting his claims that a sufficient private-party analogue exists. *See Pappas*, 617 Fed. App'x at 882 (finding prisoner failed to demonstrate a private party analogue for his claim that federal prison employees negligently and wrongfully impounded his mattress and bedding and deprived him of required out-of-cell exercise); *Tyler v. United States*, No. CIV-19-01102-JD, 2024 WL 1862324, at *6-7 (W.D. Okla. Apr. 29, 2024) (finding same for prisoner's claim that law enforcement officers negligently arrested him); *Laca v. United States*, No. 22-CV-00366-SEH-SH, 2025 WL 2245140, at *4 (N.D. Okla. Aug. 6, 2025) (finding same where plaintiff's proffered analogue was insufficient and plaintiff had "neither shown nor argued in support of any other state law analog[ue]s").

Plaintiff has "'failed to demonstrate that Oklahoma would impose . . . liability on a private individual under like circumstances to those described in [his Complaint], as is jurisdictionally required by § 1346(b) and § 2674.'" *Tyler*, 2024 WL 1862324, at *6 (quoting *Pappas*, 617 Fed. App'x at 883) (internal quotation marks omitted). Plaintiff has thus failed to carry his burden of establishing this Court's jurisdiction over his claims. Moreover, the Court is "under no obligation" to "identify any Oklahoma state law that would bar his claim." *Pappas*, 617 Fed. App'x at 882. Dismissal is therefore proper "not because there is no Oklahoma duty to use reasonable care with persons in custody, but

6

because [Plaintiff] did not demonstrate that conduct by a private person akin to that alleged in his complaint would constitute a violation of the duty of care under Oklahoma law." *Id.*

Finally, Plaintiff asks the Court to grant him leave to amend rather than dismissing the action. Judge Mitchell indicated that Plaintiff's failure to establish a private party analogue for his negligence claim does not mean any future amendment would be futile. The Court agrees. Because the Court at this time cannot conclude that an Amended Complaint would be futile, and given Plaintiff's specific request for leave to amend and his *pro se* status, the Court will allow him leave to amend.

ACCORDINGLY, the Court PARTIALLY ADOPTS Judge Mitchell's Report and Recommendation. Plaintiff has failed to carry his burden of establishing jurisdiction pursuant to the FTCA because he failed to allege a proper private party analogue under Oklahoma law. Plaintiff's claims are therefore DISMISSED WITHOUT PREJUDICE. However, Plaintiff shall have thirty days from the date of this order to file an Amended Complaint. Failure to file an Amended Complaint within that period will result in dismissal of this action without prejudice without further notice.

IT IS SO ORDERED this 13th day of January, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE